JAMES B. McKOWN *et al.*, Plaintiffs in Error, *v.* JESSE CRAIG *et al.*, Defendants in Error.

*Practice—Instructions—Error.*—If there be any evidence to sustain the issues upon the part of the plaintiff, it is error in the court to instruct the jury that the plaintiff is not entitled to recover. The sufficiency of the evidence is for the determination of the jury.

*Error to St. Louis Land Court.*

*C. C. McClure*, for plaintiffs in error.

*Cline & Jamison*, for defendants in error.

FAGG, Judge, delivered the opinion of the court.

The record in this case presents but one question for consideration, and therefore a general statement of the facts will be unnecessary. At the conclusion of the testimony introduced by plaintiffs, the following instruction was asked and given in behalf of defendants, viz.: "The plaintiffs are not entitled to recover." This court has frequently held this practice to be erroneous where any testimony has been given tending to prove the allegations in the petition. It will be unnecessary, therefore, to assign any other reason for reversing the judgment in this case, than to say that the record shows a large amount of evidence of that character. There seems to be no question as to its competency, and the fact of its sufficiency to establish the right of plaintiffs to recover ought to have been left to the jury. There were separate answers filed by the defendants, but they went to trial without objection, and it is too late to urge the fact now that they were holding in severalty, and a judgment could not be taken against them jointly. Upon the statement of facts presented by the pleadings, there ought to have been no difficulty in framing the proper issues to be tried by the jury. If the facts are found for the plaintiffs, the decree of the court can be so shaped as to afford the proper relief to the parties; and if for the defendants, that finding disposes of the case.

The other judges concurring, the judgment of the court below will be reversed and the cause remanded for further trial.